# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **In re:** | )  |
| **NATHANIEL BLAIR DEBUSK,** | ) |
| | ) |
|     **Debtor.** | ) |

| | |
|---|---|
| **N. DAVID ROBERTS, JR., Trustee,** | ) |
| | ) |
|     **Plaintiff/Appellee,** | ) |
| | )    **No.: 3:08-cv-427** |
| **v.** | )    **(Phillips)** |
| | ) |
| **NATHANIEL BLAIR DEBUSK,** | ) |
| | ) |
|     **Defendant/Appellant.** | ) |

## MEMORANDUM OPINION

This matter is before the court on debtor Nathaniel Blair Debusk's appeal from the judgment of the Honorable Richard Stair, Jr., United States Bankruptcy Judge, denying the discharge of his debts under 11 U.S.C. § 727(a)(3), -(4)(A), and -(5). For the reasons that follow, the judgment of the bankruptcy court is AFFIRMED.

**I.    BACKGROUND**

Debtor petitions for voluntary bankruptcy under Chapter 7 of the bankruptcy code. Debtor was thirty years old at the time of trial and has an associate's degree from Cleveland State Community College. Debtor has also completed a semester of studies at the University of Tennessee.

In 2004 debtor started a sole proprietorship under the name Thomas Crown & Associates,

-1-

through which he sold "leads" over the internet to home-based businesses. "Leads" are compiled lists of people that might be interested in purchasing the business's products. In 2005, debtor also began gambling over the internet as part of his business, aspiring to be a professional handicapper. The endeavor was not successful, however, and in his own words debtor failed miserably.

Debtor filed a petition for voluntary bankruptcy on August 24, 2007, and plaintiff /appellee N. David Roberts, Jr. was appointed trustee. Debtor seeks to discharge unsecured claims of $154,584.59, including loans summing $69,000 from three different sources to fund his gambling. At the first creditors' meeting held on September 25, 2007, debtor for the first time disclosed that he had suffered gambling losses, despite an explicit item on his Statement of Financial Affairs instructing him to "[l]ist all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case." At the meeting, debtor informed his creditors that he had incurred gambling losses of at least $10,000, though debtor later testified at trial that the losses were more likely between $25,000 and $40,000. Debtor filed an amended Statement of Financial Affairs on October 30, 2007, disclosing that he had incurred gambling losses, but failing to list any amount thereof. Debtor also provided appellee with some records, stating that he had not kept many records to begin with and that those records he had kept were lost due to a computer virus that corrupted his computer files. Debtor had no backup of these electronic files.

Appellee initiated this adversarial proceeding on January 25, 2008, alleging that debtor's discharge should be denied under 11 U.S.C. § 727(a)(3), -(4)(A), and -(5). With regard to § 727(a)(3), appellee argues that debtor has provided "scant" records, and that those provided "either fail to document expenditures allegedly made by the debtor or do not match sworn income tax filings

or are not in a format that can be readily understood or reconciled." Appellee also alleged that discharge should be denied under § 727(a)(4)(A) for making a false oath by failing to disclose any gambling losses, understating the amount of losses at the first creditors' meeting, and failing to disclose any amount on his amended Statement of Financial Affairs. Finally, appellee alleged that discharge should be denied under § 727(a)(5) for failing to adequately explain expenditures of over $216,975.00 in income for 2005 and 2006 while incurring unsecured debt of $154,584.59.

A trial was held on July 21, 2008, at which debtor was the sole witness. Following the trial, the Honorable Richard Stair, Jr., United States Bankruptcy Judge, entered a Memorandum [Doc. 1-4] and Judgment [Doc. 1-5] denying debtor's discharge under 11 U.S.C. § 727(a)(3), -(4)(A), and -(5).

Debtor now appeals this judgment.

## II. JURISDICTION AND STANDARD OF REVIEW

This court has appellate jurisdiction over final judgments of the bankruptcy court pursuant to 28 U.S.C. § 158. A "district court ... reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo." *Rembert v. AT&T Univ. Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998) (quotation omitted); *see also* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). Under de novo review, this court will review the "questions of law independent of the bankruptcy court's determination." *Aken v. Aken*, 320 B.R. 620, 622 (B.A.P. 6th Cir. 2005) (quotation removed). Under the clear error standard, a factual finding is only overturned if the court "on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Rembert*, 141 F.3d at 280 (quotation omitted).

## III. ANALYSIS

### A. 11 U.S.C. § 727(a)(3)

Debtor first appeals the bankruptcy court's denial of discharge under 11 U.S.C. § 727(a)(3). Section 727(a)(3) prohibits the discharge of bankruptcy if

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

The bankruptcy court below held that while debtor had produced credit card and banking statements, most of the records from his business, Thomas Crown & Associates, were not produced. Having thus found that appellee had met his burden of demonstrating inadequate records from which to ascertain his financial status, the court then turned to debtor for an explanation of the failure to produce such records. Debtor argues on appeal that his records were not inadequate, as one can fully ascertain his financial status from his credit card and bank statements. To the extent his records are inadequate, debtor argues, a computer virus had destroyed many of the records of the business. Debtor argues that this explanation justifies the circumstances because computer bookkeeping is the standard in his line of business and "there was no testimony that back-up paper documents were the custom in the industry." [Doc. 10 at 10]. In any event, these records are not inadequate, debtor argues, because one can fully ascertain his financial position from his credit card and banking statements.

The adequacy of records is determined on a case-by-case basis, considering "debtor's occupation, financial structure, education, experience, sophistication and any other circumstances

-4-

that should be considered in the interest of justice." *Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 882 (B.A.P. 6th Cir. 1999) (quotation removed). Debtor argues that he should not be faulted under § 727(a)(3) for failing to produce records destroyed by a computer virus. Yet as the bankruptcy court held, debtor is "articulate and sophisticated, having started an internet marketing business in 2004, and, by his own testimony, he is computer literate." [Mem., Doc. 1-4 at 9]. Accordingly, debtor could be expected to maintain better records of his business, as well as a backup system of some sort. While it may indeed be customary for computer-based enterprises to maintain electronic files of records rather than hard copies as debtor argues, it cannot be said that debtor's failure to keep any backup whatsoever is justified. As a computer-literate individual, it may be presumed that debtor understands the myriad ways in which computers can malfunction and data can be lost. Debtor should have kept a backup of some sort, whether on paper or some other means of electronic backup. This failure is all the more egregious given that the records at issue concern debtor's business, not merely his personal files. Debtor understood the great responsibilities that accompany a sole proprietorship, including ensuring proper accounting and bookkeeping. [*See* Tr., Doc. 109 at 76:25-77:2 ("You've got to keep up with everything, got to be an accountant, bookkeeper, and everything.")]. The court therefore affirms the bankruptcy court's finding that the inadequacy of the records produced was not justified under the circumstances.

The bankruptcy court also found that those records produced were inconsistent and that "[t]hese inconsistencies make it impossible for the Plaintiff and creditors to ascertain the Defendant's true income from the operation of his business." [Mem., Doc. 1-4 at 11]. Debtor argues that these inconsistencies were simply due to his decision not to claim all of his possible deductions on his tax return and that accordingly the inconsistencies do not meet the standard of §

-5-

727(a)(3). Debtor reiterates that one can ascertain his true financial status from his credit and banking statements. Yet the failures of debtor to produce various records and the identified inconsistencies in those records produced do not inspire confidence as to whether debtor's banking and credit card statements tell the full story of debtor's financial status. The court is certainly not left with the "definite and firm conviction" that an error has been made. To the contrary, the record fully supports the bankruptcy court's finding that the gaps and inconsistencies in debtor's produced records make it impossible for one to ascertain his true financial status.

Accordingly the court affirms the bankruptcy court's denial of discharge under § 727(a)(3).

**B.      11 U.S.C. § 727(a)(4)(A)**

Debtor likewise disputes the denial of his discharge under 11 U.S.C. § 727(a)(4)(A). Section 727(a)(4)(A) denies a discharge from bankruptcy if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

> In order to deny a debtor discharge under this section, a plaintiff must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case. Whether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact.

*Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) (inner citation omitted). Debtor disputes in particular the bankruptcy court's finding that he made the statement with fraudulent intent and that his omissions related materially to the bankruptcy case.

Debtor first argues that any failure to disclose his gambling losses was due to mere mistake or inadvertence, not an intent to defraud the court. The finding of fraudulent intent, however, is a question of fact that is highly dependent on the bankruptcy court's assessment of the debtor's credibility. Judge Stair had the opportunity to observe the debtor's demeanor while on the stand, a determination to which the court gives high deference, *see* Fed. R. Bankr. P. 8013 ("[D]ue regard

-6-

shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."), and which the court does not find on the evidence before it to be clearly erroneous.

Debtor also argues that "the fact that [he] lost a substantial amount of money due to gambling, as opposed to some other manner of loss such as bad investments or bad loans, is immaterial" on the specific facts of the instant case. [Doc. 10 at 12]. This argument is without merit. "The subject of a false oath is material if it 'bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.' " *In re Keeney*, 227 F.3d at 686 (quoting *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)). Debtor concedes that gambling was a part of his business, [Tr., Doc. 1-9 at 21:5, 41:20], and in any event the gambling losses relate to the disposition of debtor's property. The false statements were therefore materially related to the bankruptcy case.

Accordingly the court finds no error in the bankruptcy court's determination that debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(4)(A).

**C.     11 U.S.C. § 727 (a)(5)**

Finally, debtor appeals the denial of his discharge under 11 U.S.C. § 727(a)(5). That section provides that a discharge shall be denied if "the debtor has failed to explains satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). Debtor appeals the bankruptcy court's finding that he had not satisfactorily explained the disposition of over $69,000 in loan proceeds, arguing that "[t]he Trustee did not identify any assets that were no longer present at the time of the bankruptcy" because the loan proceeds were debt liabilities, not assets.

A failure to properly explain disposal of loan proceeds, however, falls within the scope of

-7-

727(a)(5). *See, e.g.*, *First Commercial Fin. Group v. Hermanson (In re Hermanson)*, 273 B.R. 538, 546 (Bankr. N.D. Ill. 2002) (denying summary judgment in part due to question of fact regarding debtor's failure to explain disposition of $1.94 million in loan proceeds). Moreover, policy reasons would weigh in favor of considering the unexplained disposition of loan proceeds under (a)(5) as a reason for denying a discharge. Yet even if the court were to agree with debtor, it is of no import in the present case, as the court has affirmed the bankruptcy court's denial of discharge on two separate and independent grounds.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court dated August 19, 2008, denying the discharge of debtor's debts under 11 U.S.C. §727(a)(3), -(4)(A), and -(5) is **AFFIRMED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge